IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

CEDRIC COLE,

    Plaintiff,

vs.                                                                              No. 2:14-cv-2695-JDT-dkv

STANLEY DICKERSON, et al.,

    Defendants.

ORDER GRANTING MOTION TO AMEND,
ORDER FOR PARTIAL DISMISSAL OF COMPLAINT WITH PREJUDICE,
AND
DIRECTING THAT PROCESS BE ISSUED AND
SERVED ON DEFENDANTS PRUITT AND THOMPSON.
ORDER DENYING MOTION FOR FAST AND SPEEDY TRIAL AND APPOINTMENT OF
COUNSEL,
AND
ORDER DENYING MOTION FOR DETERMINATION OF CASE STATUS,

On July 23, 2014, Plaintiff Cedric Cole ("Cole"), a former inmate of the West Tennessee State Penitentiary ("WTSP") in Henning, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983, a motion to proceed *in forma pauperis*, and a motion to appoint counsel in the United States District Court for the Middle District of Tennessee. (ECF Nos. 1, 2 & 3.) On August 27, 2014, Cole provided his trust fund information to the Court. (ECF No. 6). In an order issued September 10, 2014, United States District Judge Aleta Trauger granted leave to proceed *in forma pauperis*, assessed the civil filing fee pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. §§ 1915(a)-(b), and transferred the case to the Western District of Tennessee. (ECF No. 7.)

## I. THE COMPLAINT and AMENDED COMPLAINT

On March 25, 2015, Cole filed a motion seeking leave to file an amended complaint. (Mot. For Leave to File Compl. 54, ECF No 14.) Cole's amended complaint included the addition of three defendants and a jury demand. (*Id*.) Because the motion was submitted before the complaint had been screened, leave of Court is not required. Accordingly, the motion to amend is GRANTED.[1] The Clerk is directed to modify the docket to reflect that Cole has sued additional parties. The Clerk shall record the Defendants as WTSP Warden Stanley Dickerson, Counselor Lori Hughes, Tennessee Department of Correction ("TDOC") Commissioner Derrick Schofield, and Officers J. Jones, A. Pruitt and First Name Unknown ("FNU") Thompson.

In his original complaint, Cole alleges that he is being restrained against his liberty and denied his Fourteenth Amendment protections by being placed on administrative segregation. (Compl. 5, ECF No. 1.) Cole alleges that he is being "maxed out" without a "max hearing" or proper documents. (*Id*.) Cole alleges that "Warden and Counselor are filing fraudulent documents and not doing their duties." (*Id*.)

In his Motion for Leave to File an Amended Complaint, Cole alleges that on August 29, 2014, Officer Pruitt went into the exam room with Cole, spit into Cole's face, hit Cole with an open fist, and had to be removed from the room by Captain Billy Washington. (Mot. For Leave to File Compl. 61, ECF No 14.) Additionally, Cole alleges that on September 15, 2014, he asked Defendant Thompson for his diet bag. (*Id*. at. 64.) Cole contends that after Defendant Thompson did not call the "cpl," Cole reached out his hand without touching Defendant Thompson. (*Id*.) Allegedly, Defendant Thompson then grabbed Cole, hit Cole, and closed his hand on the flap causing a cut to Cole's finger and injury to Cole's arm. (*Id.*) Cole requests

---

[1] In his motion to amend, Cole also seeks an evidentiary hearing and/or pretrial conference. His motion is denied as premature.

punitive and compensatory damages, reclassification, and return to the general population. (Compl. 5, ECF No. 1.)

II. ANALYSIS

A.    Screening and Standard

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

>  (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
>  (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); see also 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the court applies the standards under Federal Rule of Civil Procedure 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681) (alteration in original). "[P]leadings that . . . are no more than conclusions . . . are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"A complaint can be frivolous either factually or legally. Any complaint that is legally frivolous would *ipso facto* fail to state a claim upon which relief can be granted." *Hill*, 630 F.3d at 470 (citing *Neitzke v. Williams*, 490 U.S. 319, 325, 328-29 (1989)).

> Whether a complaint is factually frivolous under §§ 1915A(b)(1) and 1915(e)(2)(B)(i) is a separate issue from whether it fails to state a claim for relief. Statutes allowing a complaint to be dismissed as frivolous give "judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327, 109 S. Ct. 1827 (interpreting 28 U.S.C. § 1915). Unlike a dismissal for failure to state a claim, where a judge must accept all factual allegations as true, *Iqbal*, 129 S. Ct. at 1949-50, a judge does not have to accept "fantastic or delusional" factual allegations as true in prisoner complaints that are reviewed for frivolousness. *Neitzke*, 490 U.S. at 327-28, 109 S. Ct. 1827.

*Id.* at 471.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants and prisoners are not exempt from the requirements of the Federal Rules of Civil Procedure. As the Sixth Circuit has explained:

> Before the recent onslaught of *pro se* prisoner suits, the Supreme Court suggested that *pro se* complaints are to be held to a less stringent standard than formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519 (1972) (per curiam). Neither that Court nor other courts, however, have been willing to abrogate basic pleading essentials in *pro se* suits. *See, e.g., id.* at 521 (holding petitioner to standards of *Conley v. Gibson*); *Merritt v. Faulkner*, 697 F.2d 761 (7th Cir.) (duty to be less stringent with *pro se* complaint does not require court to conjure up unplead allegations), *cert. denied*, 464 U.S. 986 (1983); *McDonald v. Hall*, 610 F.2d 16 (1st Cir.1979) (same); *Jarrell v. Tisch*, 656 F. Supp. 237 (D.D.C. 1987) (pro se plaintiffs should plead with requisite specificity so as to give defendants notice); *Holsey v. Collins*, 90 F.R.D. 122 (D. Md. 1981) (even *pro se* litigants must meet some minimum standards).

*Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, No. 09-2259, 2011 WL 285251, at *5 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'") (quoting *Clark v. Nat'l Travelers*

*Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975)) (alteration in original); *Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf. Pliler v. Ford*, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.

B. <u>§ 1983 Claim</u>

Cole filed his complaint on the court-supplied form for actions under 42 U.S.C. § 1983. Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a

defendant acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

1. *Defendants as Supervisors*

It is clear that Cole sues Defendants Dickerson and Schofield because of their supervisory capacities over the WTSP and the Tennessee Department of Correction ("TDOC"), respectively. Under 42 U.S.C. § 1983, "[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Ashcroft v. Iqbal*, 556 U.S. at 676; *see also Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Thus, "a plaintiff must plead that each Government-official defendant, through the official's own official actions, violated the Constitution." *Iqbal*, 556 U.S. at 676.

> There must be a showing that the supervisor encouraged the specific instance of misconduct or in some other way directly participated in it. At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinates.

*Bellamy*, 729 F.2d at 421 (citation omitted). A supervisory official, who is aware of the unconstitutional conduct of his subordinates, but fails to act, generally cannot be held liable in his individual capacity. *Grinter v. Knight*, 532 F.3d 567, 575-76 (6th Cir. 2008); *Gregory v. City of Louisville*, 444 F.3d 725, 751 (6th Cir. 2006); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999); *Lillard v. Shelby Cnty. Bd. of Educ.*, 76 F.3d 716, 727-28 (6th Cir. 1996). The complaint does not allege that Defendants Schofield or Lester, through their own actions, violated Plaintiff's rights.

2. *Claims against Defendants in their Official Capacity*

Defendants are employed by the TDOC and WTSP. "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's

office. As such, it is no different from a suit against the State itself." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (citation omitted). Any claims against Defendants in their official capacities are asserted against the State of Tennessee.

The Eleventh Amendment to the United States Constitution provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. The Eleventh Amendment has been construed to prohibit citizens from suing their own states in federal court. *Welch v. Tex. Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 472 (1987); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *Employees of Dep't of Pub. Health & Welfare v. Mo. Dep't of Pub. Health & Welfare*, 411 U.S. 279, 280 (1973); *see also Va. Office for Protection & Advocacy v. Stewart*, 131 S. Ct. 1632, 1638 (2011) ("A State may waive its sovereign immunity at its pleasure, and in some circumstances Congress may abrogate it by appropriate legislation. But absent waiver or valid abrogation, federal courts may not entertain a private person's suit against a State.") (citations omitted). By its terms, the Eleventh Amendment bars all suits, regardless of the relief sought. *Pennhurst*, 465 U.S. at 100-01. Tennessee has not waived its sovereign immunity. Tenn. Stat. Ann. § 20-13-102(a). Moreover, a state is not a person within the meaning of 42 U.S.C. § 1983. *Lapides v. Bd. of Regents of the Univ. Sys. of Ga.*, 535 U.S. 613, 617 (2002); *Will*, 491 U.S. at 71..

    3.    *Twombly Standard*

The complaint contains no factual allegations against Defendants Schofield and Jones. When a complaint fails to allege any action by a defendant, it necessarily fails to "state a claim for relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

4. *Fourteenth Amendment Due Process Claim*

A Fourteenth Amendment procedural due process claim depends upon the existence of a constitutionally cognizable liberty or property interest with which the state has interfered. *Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989); *Pusey v. City of Youngstown*, 11 F.3d 652, 656 (6th Cir. 1993). A prison disciplinary proceeding does not give rise to a protected liberty interest unless the restrictions imposed constitute an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Confinement to punitive segregation, the loss of package privileges, fines, and restitution do not constitute an atypical and significant hardship in the context of prison life. *See Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir. 1986). Alleged violations of TDOC policy are not actionable under 1983. *See Storm v. Swiger*, No. 4:07 CV 2387, 2007 WL 3171491, at *3 (N.D. Ohio Oct. 29, 2007) (citing *Levine v. Torvik*, 986 F.2d 1506, 1515 (6th Cir. 1993), *overruled in part on other grounds by Thompson v. Keohane*, 516 U.S. 99, 111 (1995)).

5. *Eighth Amendment Cruel and Unusual Punishment Claim*

The Supreme Court has held that "the unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment." *Whitley v. Albers*, 475 U.S. 312, 319 (1986) (internal quotation marks omitted). The Supreme Court has applied this standard to use of force by prison officials, explaining that "the question whether the measure taken inflicted unnecessary and wanton pain and suffering ultimately turns on 'whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm.'" *Id.* at 320-21 (citation omitted); *see also Hudson v. McMillian*, 503 U.S. at 6-7. In *Hudson*, 503 U.S. at 7-9, the Supreme Court held that a significant physical injury is not required to establish the objective component of an Eighth

Amendment claim. However, the Supreme Court made clear that trivial physical contact does not violate the Eighth Amendment:

> That is not to say that every malevolent touch by a prison guard gives rise to a federal cause of action. *See Johnson v. Glick*, 481 F.2d [1028,] 1033 [(2d Cir. 1973)] ("Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chamber, violates a prisoner's constitutional rights"). The Eighth Amendment's prohibition of "cruel and unusual" punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort "'repugnant to the conscience of mankind." *Whitley*, 475 U.S., at 327 . . . (quoting *Estelle*, supra, 429 U.S., at 106 . . . (internal quotation marks omitted).

*Id.* at 9-10. For purposes of screening, Cole has alleged a plausible claim for violation of the Eighth Amendment against Defendants Pruitt and Thompson.

D.  <u>Motion for Fast and Speedy Trial and Appointment of Counsel</u>

Cole has filed a motion seeking the appointment of counsel in this matter.[2] (ECF No. 16..) Pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." However, "[t]he appointment of counsel in a civil proceeding is not a constitutional right." *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003); *see also Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002) ("[T]he plaintiffs were not entitled to have counsel appointed because this is a civil lawsuit."); *Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993) (no constitutional right to counsel in a civil case); *Farmer v. Haas*, 990 F.2d 319, 323 (7th Cir. 1993) ("There is no constitutional or . . . statutory right to counsel in federal civil cases . . . ."). Appointment of counsel is "a privilege that is justified only by exceptional circumstances." *Lavado*, 992 F.2d at 606 (internal quotation marks and citation omitted). "In determining whether 'exceptional circumstances' exist, courts have examined the type of case and the abilities of the plaintiff to represent himself. This generally involves a determination of

---

[2] Cole's first motion for appointment of counsel was denied as premature with leave to refile. (Ordr Den. Mot. to Appoin Counsel, ECF No. 3.)

9

the complexity of the factual and legal issues involved." *Id.* at 606 (internal quotation marks and citations omitted).[1] Appointment of counsel is not appropriate when a *pro se* litigant's claims are frivolous or when his chances of success are extremely slim. *Id.* (citing *Mars v. Hanberry*, 752 F.2d 254, 256 (6th Cir. 1985)); *see also Cleary v. Mukasey*, 307 F. App'x 963, 965 (6th Cir. 2009) (same).[2]

Cole has not, at this juncture, satisfied the burden of demonstrating that the Court should exercise its discretion to appoint counsel in this case.

E.  Motion for Determination of Case Status

On July 16, 2015, Plaintiff filed a motion seeking the status of his case. (ECF No. 17.) Plaintiff will receive a copy of this order dismissing certain of his claims and issuing service on others.

### III.  CONCLUSION

Cole's complaint is subject to a partial dismissal for failure to state a claim on which relief can be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) against Defendants Stanley Dickerson, Lori Hughes, Derrick Schofield, and J. Jones. Cole's claim for violation of the Fourteenth Amendment is subject to dismissal.

Cole's Motion to Appoint Counsel is DENIED.

Cole's Motion for a Fast and Speedy Trial is DENIED as premature.

---

[1] A plaintiff is not entitled to an evidentiary hearing on the issue. *Sutton v. Small Bus. Admin.*, 92 F. App'x 112, 116 (6th Cir. 2003).

[2] These factors are important, because § 1915(e)(1) "does not authorize the federal courts to make coercive appointments of counsel" to represent indigent civil litigants. *Mallard v. United States Dist. Ct.*, 490 U.S. 296, 310 (1989).

Cole's Request for an Evidentiary Hearing and/or Pre-trial conference is DENIED, and a scheduling order will be entered.

Cole's Motion for Status is DENIED as moot. Plaintiff also requests a copy of his presentence report. (Id.) This Court does not have access to those records and that request is DENIED

Service will issue on Cole's Eighth Amendment claim against Defendants Pruitt and Thompson for the use of excessive force. It is ORDERED that the Clerk shall issue process for Defendants Pruitt and Thompson and deliver that process to the marshal for service. Service shall be made on Defendants. Pruitt and Thompson pursuant to Federal Rule of Civil Procedure 4(e) and Tennessee Rules of Civil Procedure 4.04(1) & (10), either by mail or personally if mail service is not effective. All costs of service shall by advanced by the United States.

It is further ORDERED that Cole shall serve a copy of every document filed in the cause on the attorneys for Defendants Pruitt and Thompson or on any unrepresented defendant. Cole shall make a certificate of service on every document filed. Cole shall familiarize himself with Federal Rules of Civil Procedure and this Court's local rules.[3]

Cole shall promptly notify the Clerk of any change of address or extended absence. Failure to comply with these requirements, or any other order of the Court, may result in the dismissal of this case without further notice.

IT IS SO ORDERED.

    s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

---

[3] A free copy of the Local Rules may be obtained from the Clerk. The Local Rules are also available on the Court's website at www.tnwd.courts.gov/pdf/content/LocalRules.pdf.